AO 91 (Rev. 11/11) Criminal Complaint

# UNITED STATES DISTRICT COURT
for the
Southern District of Indiana

| United States of America | ) |
|---|---|
| v. | ) Case No. |
| | ) 1:20-mj-0334 |
| Lance Parsons, | ) |
| *Defendant(s)* | ) |

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of __March 9, 2020__ in the county of __Randolph__ in the __Southern__ District of __Indiana__, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| Count 1: 18 U.S.C. § 2252(a)(2) | Distribution and Receipt of Child Pornography |

This criminal complaint is based on these facts:
See Attached Affidavit.

☑ Continued on the attached sheet.

*Complainant's signature*

Laura K. Smith, TFO, USSS
*Printed name and title*

Attested to by the applicant in accordance with the requirements of Fed. R. Crim. P. 4.1 by __telephonic__ (reliable electronic means).

Date: 03/24/2020

City and state: Indianapolis, Indiana

Tim A. Baker
United States Magistrate Judge
Southern District of Indiana

## AFFIDAVIT IN SUPPORT OF CRIMINAL COMPLAINT

I, Laura Smith, being duly sworn, hereby depose and state as follows:

1. **Affiant**: I am a Detective in the Cybercrime Unit of the Indianapolis Metropolitan Police Department (IMPD). I am also a cross-designated Task Force Officer with the United States Secret Service.

2. **Experience**: I have over 22 years of law enforcement experience. I have investigated State and Federal criminal violations related to high technology or cybercrime, child exploitation, and child pornography. I have written numerous search warrants involving internet crimes against children cases and participated in their execution.

3. **Training**: I have attended and presented at the National Crimes Against Children Conference and attended numerous classes related to investigating the online sexual exploitation of children. I am a member of the Indiana Internet Crimes Against Children (ICAC) Task Force, which includes federal, state, and local law enforcement agencies. I am currently assigned to operate in an undercover capacity on the internet to identify and investigate persons attempting to exploit or solicit sexual acts with children or trafficking in child pornography. As a Task Force Officer, I am authorized to investigate violations of the laws of the United States and to execute warrants issued under the authority of the United States.

4. **Information provided**: The statements in this affidavit are based on information obtained from my observations and communications, as well as

information learned from other law enforcement officers and witnesses. Because this affidavit is being submitted for the limited purpose of securing an arrest warrant and criminal complaint, I have not included each and every fact known to the investigators concerning this investigation. I have set forth only the facts that I believe are necessary to establish probable cause that **LANCE PARSONS** committed a criminal offense.

5. **Probable Cause:** For the reasons listed below, there is probable cause to believe that **LANCE PARSONS** (PARSONS), DOB xx-xx-1975 (known to affiant, but redacted) has committed the following offense in the Southern District of Indiana and elsewhere: **Count 1 – Distribution and Receipt of Child Pornography**.

6. **Distribution and Receipt of Child Pornography, 18 U.S.C. § 2252(a)(2):** This investigation concerns alleged violations of 18 U.S.C. § 2252(a)(2), which prohibits a person from knowingly distributing and receiving any visual depiction of a minor engaging in sexually explicit conduct when such visual depiction was either mailed or shipped or transported in interstate or foreign commerce by any means, including by computer, or when such visual depiction was produced using materials that had traveled in interstate or foreign commerce.

7. **Definitions**: The following definitions apply to this Affidavit:

   A. The term "minor," as defined in 18 U.S.C. § 2256(1), refers to any person under the age of eighteen years.

B. The term "sexually explicit conduct," 18 U.S.C. § 2256(2)(A)(i-v), is defined as actual or simulated (a) sexual intercourse, including genital-genital, oral-genital, anal-genital, or oral-anal, whether between persons of the same or opposite sex; (b) bestiality; (c) masturbation; (d) sadistic or masochistic abuse; or (e) lascivious exhibition of the genitals or pubic areas of any person.

C. The term "visual depiction," as defined in 18 U.S.C. § 2256(5), includes undeveloped film and videotape, data stored on computer disc or other electronic means which is capable of conversion into a visual image, and data which is capable of conversion into a visual image that has been transmitted by any means, whether or not stored in a permanent format.

8. **Kik Messenger:** Kik Messenger, commonly called Kik, was a freeware instant messaging mobile app from the Canadian company Kik Interactive, available free of charge on iOS and Android operating systems. It used a smartphone's data plan or Wi-Fi to transmit and receive messages, photos, videos, sketches, mobile webpages, and other content after users register a username. Kik was known for its features preserving users' anonymity, such as allowing users to register without providing a telephone number.

9. **Mega:** Mega is a cloud storage and file hosting service offered by Mega Limited, a company in New Zealand. Mega provides user-controlled encrypted cloud storage through a web browsers and applications. Mega is known for its

3

security feature where all files are end-to-end encrypted locally before they are uploaded.

10. **Investigation of LANCE PARSONS:** This investigation began on March 9, 2020 when the Randolph County Sheriff's Department received an investigation from the Department of Child Services (DCS) reference a sexual assault of a minor child. As a result of that investigation, Parson's cell phone was seized, and two search warrants were obtained for his cell phone. An examination of that cell phone revealed that the Defendant had received at least one visual depiction of a minor engaged in sexually explicit conduct, where the visual depiction was of such conduct, and the visual depiction was received by the Defendant using the Internet.

11. **Investigation into Criminal Sexual Conduct in Violation of Indiana Law:** Detective Chad Puterbaugh (Puterbaugh) of the Randolph County Sheriff's Department was advised by Indiana Department of Child Services (DCS) that Minor Victim 1, a minor female who was less than 18 years of age but over the age of 15, reported that she had been sexually assaulted by a male subject later identified as being Lance Parsons, 44 years of age.

  A. On March 12, 2020, Det. Puterbaugh met with the father of Minor Victim 1, referred to herein as Witness 1 (identity known to this affiant but redacted). Witness 1 informed Det. Puterbaugh that he and Parsons had been best friends. Witness 1 said that he found inappropriate

4

text messages between Minor Victim 1 and Parsons on his daughter's cell phone.

  B. Minor Victim 1 provided information, during the course of a forensic interview, that approximately 3 weeks ago, Parsons had put his fingers in her vagina when she was asleep at his house. Minor Victim 1 had been babysitting Parsons' children, and she was sleeping in a spare bedroom. Minor Victim 1 woke up to Parsons' fingers inside of her vagina. Minor Victim 1 stated that she had no idea he was doing it until she woke up to him inside of her. She jumped up and went to the bathroom to get away from Parsons and when she came out of the bathroom, he was gone. Minor Victim 1 said that Parsons drove her to work later in the day and he tried to touch her, but she told him not to do so.

  C. On March 16, 2020, Det. Puterbaugh learned that Parsons was home from being on the road as a truck driver and that Parsons had a civil arrest warrant for failure to appear on a child support case. Det. Puterbaugh met with Parson's wife and asked if Lance Parsons was home. She advised he was home. After speaking with Parson's wife, Det. Puterbaugh and other officers went to the 5000 block of East 1000 South in Randolph County in the Southern District of Indiana to arrest Lance Parsons. Parsons was present. When Det. Puterbaugh ordered Parsons to place his hands behind his back, Parsons pulled his cell phone from his pocket and threw it in his wife's direction, instructing her to put it up. Det. Puterbaugh told Parsons and his

5

wife that he would be taking the phone as evidence. Parsons then became very agitated, charged towards Det. Puterbaugh, ignoring commands to comply, and shoved Det. Puterbaugh. Det. Puterbaugh and other officers got Parsons under control after a short struggle with him and a taser deployment by Deputy Mullens. Parsons was then handcuffed, secured into a patrol vehicle, and transported to the Randolph County Sheriff's Department.

    D.    On March 16, 2020, Det. Puterbaugh applied for and was granted a search warrant by Randolph County Superior Court Judge Pete Haviza under cause #68D01-2003-MC-176 for the cell phone of Lance Parsons for content of messages and photos between Parsons and Minor Victim 1. The phone is described as a gray Samsung cellular phone with a black Incipio case.

12.    **Initial Search of Cell Phone:** While reviewing the cell phone of Lance Parsons, Det. Puterbaugh observed a message between Lance Parsons and another subject that was sexual in nature. Det. Puterbaugh observed that Parsons sent a picture of a child to another Kik user and then sent, "Would you want to watch me lick her." The child in the photo was a child who Puterbaugh believed to a 2-year-old female relative of Parsons (relationship known to this affiant, but redacted). Det. Puterbaugh also observed a Kik message from Parsons: "I really want to lick ur pussy rn and have my [minor female relative] there so I can lick her as you watch". The other Kik user asked Parsons how old the child was and Parsons replied that she was two and that she was the one in the photo he had sent.

6

The other Kik user then sent "do you touch her" and Parsons replied "yes" "I have". Det. Puterbaugh observed a photo that depicted two minor children in a state of nudity. Det. Puterbaugh then stopped looking at the cell phone of Lance Parsons at that time so that he could apply for a second search warrant.

13. **Second Cell Phone Search:** Det. Puterbaugh applied for and was granted a second search warrant in Randolph County Superior Court by Judge Pete Haviza under Cause #68D01-2003-MC-181, for the cell phone belonging to Lance Parsons. This warrant permitted police to look for evidence of child exploitation, child pornography, contents and photos, including messages between Parsons and other persons containing evidence of child exploitation.

14. While examining Parsons' cell phone, Det. Puterbaugh observed that there were multiple conversations between Lance Parsons and other subjects. There were also photos that showed minor children in a state of nudity and several videos of minor children engaged in sexual activity with adults and other minor children.

15. **Receipt of Visual Depictions of Minors Engaged in Sexually Explicit Conduct by Parsons through Kik Messenger and Mega:** Parsons' cell phone had the applications Kik and Mega downloaded to the device. Included in the files found on Parsons' Samsung were videos that contained file paths, which indicated that the videos in question were received by Parsons as attachments in Kik and Mega. The file paths for these videos showed that the videos were received by Parsons through the Kik and Mega Application, using the internet. These visual

depictions received through Kik and Mega included visual depictions of minors engaged in sexually explicit conduct.

16. The following files, among others, were found on Parsons' cell phone:

A. **! New ! (Pthc) Daddy-s Girl - Make Daddy Cum 12Yo.avi** (/storage/emulated/0/MEGA/MEGA Downloads/! New ! (Pthc) Daddy-s Girl - Make Daddy Cum 12Yo.avi)—This video depicts an adult male penetrating the mouth of a prepubescent female minor.

B. **11yo (~pthc center~)(opva)(2014) Cumming on perfect ass MVI_1857.wmv** (/storage/emulated/0/MEGA/MEGA Downloads/11yo (~pthc center~)(opva)(2014) Cumming on perfect ass MVI_1857.wmv)—This video is described as an adult male masturbating and ejaculating on a prepubescent female. The minor female's genitals and anus are exposed in the visual depiction.

C. **2010 ALD 00829.wmv** (/storage/emulated/0/MEGA/MEGA Downloads/2010 ALD 00829.wmv)—This video depicts a male using his fingers to penetrate the genitals of a prepubescent minor female.

D. **8aadb601-811d-44d7-83cf-ef7b6e150c2f.mp4** (/storage/emulated/0/Kik/8aadb601-811d-44d7-83cf-ef7b6e150c2f.mp4)—This video described as two minor females engaged in sexual explicit activity.

E. **[boy+girl] 2013 - 01 - 041017 (13yo Boy + 12yo Girl)-3.avi** (/storage/emulated/0/MEGA/MEGA Downloads/[boy+girl] 2013 - 01 - 041017 (13yo Boy + 12yo Girl)-3.avi)—This video shows two prepubescent children

8

engaged in sexual explicit activity. The exposed genitals of both minor children are displayed in the video.

17. The Defendant has been convicted of Attempted Sexual Misconduct with a Minor in Randolph County, Indiana. This conviction occurred in or after 2017.

18. Parsons' residence is located in the Southern District of Indiana and Parsons received and possessed child pornography in the Southern District of Indiana. Kik and Mega, the internet messaging applications used by Parsons to receive child pornography were accessed via the internet. The Internet is a means and facility of interstate and foreign commerce and the Defendant's crimes were in and affecting interstate and foreign commerce.

19. **Conclusion:** Based upon the contents of this Affidavit, there is probable cause to believe that **LANCE PARSONS** has committed the above listed offense. I respectfully request that the Court issue a Criminal Complaint and Arrest Warrant for **LANCE PARSONS** charging him with the offense listed above.

Task Force Officer Laura Smith
United States Secret Service

Attested to by the applicant in accordance with the requirements of Fed. R. Crim. P. 4.1 by _____telephonic_____ (reliable electronic means).

Date: 3/24/2020

Tim A. Baker
United States Magistrate Judge
Southern District of Indiana

9