UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | Cause No. 1:20-cr-00332-JPH-MJD |
| LANCE PARSONS, | ) | |
| | ) | |
| Defendant. | ) | |

## PETITION TO ENTER
## PLEA OF GUILTY AND PLEA AGREEMENT

The United States of America, by counsel, Zachary A. Myers, United States

Attorney for the Southern District of Indiana, and Kristina M. Korobov, Assistant

United States Attorney ("the Government"), and the Defendant, LANCE PARSONS

("the Defendant"), in person and by counsel, Theodore Minch, hereby inform the

Court that a Plea Agreement has been reached in this case pursuant to Federal

Rule of Criminal Procedure 11(c)(1)(C).  The following are its terms and conditions:

### Part 1:  Guilty Plea and Charge

1.     **Plea of Guilty:** The Defendant petitions the Court for leave to enter

and agrees to enter a plea of guilty to the following offense charged in the

Indictment: <u>Count I</u> which charges that the Defendant committed the offense of

Distribution and Receipt of a Visual Depiction of a Minor Engaged in Sexually

Explicit Conduct, in violation of Title 18, United States Code, Section 2252(a)(2).

2.      **Potential Maximum Penalties**:  Count 1 is punishable by a maximum sentence of 20 years of imprisonment, a $250,000 fine, and a lifetime of supervised release following any term of imprisonment.  The minimum penalty is 5 years of imprisonment and 5 years of supervised release.

3.      **Elements of the Offense:**  To sustain the offense to which the Defendant is pleading guilty, the Government must prove each of the following elements beyond a reasonable doubt:

Count 1:  Distribution and Receipt of a Visual Depiction of a Minor Engaged in Sexually Explicit Conduct

A.      The Defendant knowingly distributed and received a visual depiction using any means or facility of interstate or foreign commerce, or in or affecting interstate or foreign commerce, by any means including by computer; and

B.      the production of such visual depiction involved the use of a minor under the age of 18 years engaging in sexually explicit conduct; and

C.      such visual depiction was of such minor engaged in sexually explicit conduct; and

D.      the Defendant knew that at least one of the persons in such visual depiction was a minor under the age of 18 years and knew that the visual depiction was of such minor engaged in sexually explicit conduct.

## Part 2:  General Provisions

**4.     18 U.S.C. § 3553(a) and Sentencing Guidelines:**  The Defendant
agrees and understands that should this Court accept this plea agreement, the
Court will sentence the Defendant to the specific sentence set forth in paragraph 9,
below.  The Defendant agrees and understands that the Court, in deciding whether
to accept or reject the specific sentence set forth in paragraph 9, below, will (A)
consider the factors set forth in 18 U.S.C. § 3553(a), and (B) consult and take into
account the United States Sentencing Guidelines ("Sentencing Guidelines" or
"U.S.S.G.").  The Defendant also agrees and understands that the Sentencing
Guidelines are not mandatory or binding on the Court, but are advisory in nature,
and that the final determination concerning the applicable advisory guideline
calculation, criminal history category, and advisory sentencing guideline range will
be made by the Court.

**5.     Rule 11(c)(1)(C), Fed. R. Crim. P.:**  The Defendant acknowledges
that this Plea Agreement is governed by Federal Rule of Criminal Procedure
11(c)(1)(C) and that the specific sentence set forth in paragraph 9, below, is the
appropriate disposition of this cause.  The parties understand that the Court must
accept or reject the sentence specified in this Plea Agreement.  If the Court rejects
this Plea Agreement, then either party may withdraw from this Plea Agreement.
The Defendant acknowledges that pursuant to Fed. R. Crim. P. 11(c)(3), (4) and (5),
if the Court rejects the Plea Agreement, the Court will advise the Defendant
personally in open court that the Court is rejecting the Plea Agreement and the

3

Court will afford both parties the opportunity to then withdraw the Plea Agreement.

6.     **Plea Agreement Based on Information Presently Known:** The Defendant recognizes and understands that this Plea Agreement is based upon the information presently known to the Government.  The Government agrees not to bring other federal charges against the Defendant based on information currently known to the United States Attorney for the Southern District of Indiana. The Government will inform the Court and the Defendant at the time of taking the Defendant's plea whether the Government has obtained any information after the Plea Agreement was signed that may warrant bringing other federal charges against the Defendant.

7.     **No Protection from Prosecution for Unknown or Subsequent Offenses:** The Defendant acknowledges and agrees that nothing in this agreement shall protect the Defendant in any way from prosecution for any offense not specifically covered by this agreement, or not known to the United States Attorney for the Southern District of Indiana at this time.   The Defendant further acknowledges and agrees that nothing in this agreement shall protect the Defendant in any way from prosecution for any offense committed after the date of this agreement.

8.     **Rights Under Rule 11(b), Fed. R. Crim. P.:** The Defendant understands that the Government has the right, in a prosecution for perjury or false statement, to use against the Defendant any statement that the Defendant gives

4

under oath during the guilty plea colloquy.  The Defendant also understands that the Defendant has the right: (A) to plead not guilty, or having already so pleaded, the right to persist in that plea; (B) to a jury trial;  (C) to be represented by counsel-- and if necessary have the court appoint counsel--at trial and at every other stage of the proceedings, including appeal; and (D) to confront and cross-examine adverse witnesses, to be protected from compelled self-incrimination, to testify and present evidence, and to compel the attendance of witnesses.  The Defendant also understands that the Constitution guarantees the right to be considered for release until trial[1]; and if found guilty of the charge(s), the right to appeal the conviction on such charge(s) to a higher court. The Defendant understands that if the Court accepts this plea of guilty, the Defendant waives all of these rights.

### Part 3:  Sentence of Imprisonment and Supervised Release

**9.**      **Agreed Upon Sentence Pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C):** The parties agree that the following sentence is the appropriate disposition of this cause:

A.      **Imprisonment:** The Defendant shall be sentenced to a term of imprisonment in the range of 180 to 240 months.  The parties may advocate for any term of imprisonment within this range.

B.      **Extent of Rule 11(c)(1)(C) Agreement:** The provision set forth in Paragraph 9, above, is the only provision(s) of this Plea Agreement subject to the provisions of Fed. R. Crim. P. 11(c)(1)(C).

---

[1]Title 18, U.S.C. §§ 3141-3156, Release and Detention Pending Judicial Proceedings.

**10.    Supervised Release:**  Both parties reserve the right to present evidence and arguments concerning the duration of any term of supervised release and the terms and conditions of the release.  The Defendant, however, understands that he cannot be sentenced to a term of Supervised Release of less than 5 years.

**11.    Conditions of Supervised Release:**  The parties understand and agree that the Court will determine which standard and special conditions of supervised release to apply in this case.  The parties reserve the right to present evidence and arguments concerning these conditions.  However, to assist the Court, the parties have carefully considered the factors listed in 18 U.S.C. § 3553 and jointly recommend that the Court impose the Special Conditions of supervised release set forth below, in addition to any other Standard and Special Conditions which the Court deems appropriate in this case:

**SEE ADDENDUM A**

**Part 4:  Monetary Provisions and Forfeiture**

**12.    Mandatory Special Assessment:**  The Defendant will pay a total of $100 on the date of sentencing or as ordered by the Court to the Clerk, United States District Court, which amount represents the mandatory special assessment fee imposed pursuant to 18 U.S.C. § 3013.

**13.    Fine:** The Government is not seeking payment of a fine.

**14.    Restitution:**  The parties understand that federal law requires the payment of restitution to the minor victims in the child pornography possessed, transported, shipped, distributed, or received by the Defendant.

6

A.      **Determining the full amount of each victim's losses.**  The Court shall determine the full amount of each victim's losses that were incurred or are reasonably projected to be incurred by each victim as a result of the trafficking in child pornography depicting each victim under 18 U.S.C. §2259(b) and (c)(2).

B.      After completing the determination required under subparagraph (A), the Court shall order restitution in an amount that reflects the Defendant's relative role in the causal process that underlies each victim's losses, but which is **no less than $3,000 per identified victim**. These funds are intended to allow these victims to obtain counseling, support, treatment, or other assistance related to their victimization.

C.      **Ongoing investigation:** The parties understand that the United States has not yet determined through its investigation whether any victims in the child pornography can be identified or will seek such restitution.

D.      **Payment schedule:** The Defendant agrees that, while the District Court sets the payment schedule, this schedule may be exceeded if and when the Defendant's financial circumstances change.  In that event, and consistent with its statutory obligations, the Government may take any and all actions necessary to collect the maximum amount of restitution in the most expeditious manner available.

15.   **Special Assessments for offenses committed after December 7, 2018:**

A.   **JVTA Special Assessment:**  The Court shall order the Defendant to pay a special assessment per count as required by the Juvenile Victims of Trafficking Act (JVTA) Special Assessment of **$5,000**, unless the Court determines that the Defendant is indigent. 18 U.S.C. §3014.

B.   **18 U.S.C. §2259A Special Assessment:** If the Defendant is convicted of violating 18 U.S.C. §2252A(a)(2) for trafficking in child pornography, then the Court shall order an additional Special Assessment of **up to $35,000 per Count**. 18 U.S.C. §2259A(a)(2).

C.   **Determining the Amount of 18 U.S.C. §2259A assessment:** The Court shall consider the factors under 18 U.S.C. §3553(a) and §3572 including the Defendant's income, earning capacity, and financial resources in determining the amount of the 18 U.S.C. §2259A child pornography assessments within the range indicated.

D.   **Effect of Other Penalties:**  Imposition of the 18 U.S.C. §2259A does not relieve a Defendant of or entitle a Defendant to reduce the amount of any other penalty by the amount of the assessment.

16.   **Disbursement of payments:**  Any money received from a Defendant shall be disbursed so that each of the following obligations is paid in full in the following sequence:

A.   A special assessment under 18 U.S.C. §3013.

B.    Restitution to victims of any child pornography production or trafficking offense that the Defendant committed.

C.    A child pornography assessment under 18 U.S.C. §2259A.

D.    Any other amount imposed under section of Title 18 of the United States Code, including any JVTA assessment under 18 U.S.C. § 3014.

E.    All other fines, penalties, costs, and other payments required under the sentence.

17.    **Obligation to Pay Financial Component of Sentence**: If the Defendant is unable to pay any financial component of the Defendant's sentence on the date of sentencing, then the Defendant agrees that the payment of the financial component should be a condition of supervised release.  The Defendant has a continuing obligation to pay the financial component of the sentence.  The Defendant further agrees that as of the date of filing this Plea Agreement the Defendant will provide all requested financial information, including privacy waivers, consents, and releases requested by the Government to access records to verify the Defendant's financial disclosures,  to the  Government for use in the collection of any fines, restitution, and money judgments imposed by the Court and authorizes the Government to obtain credit reports relating to the Defendant for use in the collection of any fines and restitution, and money judgments imposed by the Court.  The Defendant also authorizes the Government to inspect and copy all financial documents and information held by the United States Probation Office.  If

the Defendant is ever incarcerated in connection with this case, the Defendant may participate in the Bureau of Prisons Inmate Financial Responsibility Program.

18.   **Forfeiture:** The Defendant admits that the property listed below constitutes contraband, was used to facilitate, or constitutes the fruits of the commission of the offense(s) to which the Defendant is pleading guilty, and, therefore, is subject to forfeiture to the United States.  The Defendant abandons all right, title, and interest the Defendant may have in the property listed below so that proper disposition, including destruction, may be made thereof by federal, state, or local law enforcement agencies involved in the investigation of the Defendant's criminal activity, without further notice or obligation whatsoever owing to the Defendant.  The Defendant further agrees not to contest any forfeiture action brought against and consents to the forfeiture of any of the property listed below, whether any such forfeiture action is administrative, judicial, civil, or criminal, and agrees not to contest any use or destruction of any of the property listed below (and all data contained on any of these devices) by any federal, state, or local law enforcement agency: **PNY 32GB microSD card and all data on the SD card; and 2 cell phones, including a black Samsung (SM A125U) cell phone, and all data contained on both phones**.

19.   The Defendant consents to the entry of orders of forfeiture for such property and waives the requirements of Rules 32.2 and 43(a), Fed. R. Crim. P., regarding notice of the forfeiture in the charging document, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment.  The

Defendant understands that the forfeiture of assets is part of the sentence that may be imposed in this case and waives any failure by the Court to advise the Defendant of this, pursuant to Rule 11(b)(1)(J), at the time the Defendant's guilty plea is accepted.

20.    The Defendant further agrees to waive all constitutional and statutory challenges in any manner (including direct appeal, habeas corpus, or any other means) to any forfeiture carried out in accordance with this Plea Agreement on any grounds, including that the forfeiture constitutes an excessive fine or punishment.

### Part 5:  Factual Basis for Guilty Plea

21.    The parties stipulate and agree that the following facts establish a factual basis for the Defendant's plea of guilty to the offense set forth in Paragraph One, above, and that the Government would be able to establish the following facts beyond a reasonable doubt in the event this cause was to proceed to trial.  The parties acknowledge that such facts are only a summary of the Government's evidence.  The parties reserve the right to present additional evidence at the time of sentencing, if they so choose, and this paragraph is not intended to foreclose the presentation of such additional evidence.

22.    **Overview:** An investigation into Lance Parsons' internet activities began when Parsons' cell phone was seized after he was arrested on an unrelated warrant.  Two search warrants were obtained for his cell phone.  An examination of that cell phone revealed that the Defendant had distributed and received at least one visual depiction of a minor engaged in sexually explicit conduct, where the

11

visual depiction was of such conduct, and the visual depiction was distributed and received by the Defendant using the Internet.

23.  **Investigation into Criminal Sexual Conduct in Violation of Indiana Law:** Detective Chad Puterbaugh (Puterbaugh) of the Randolph County Sheriff's Department was advised by the Indiana Department of Child Services (DCS) that Minor Victim 1, a minor female who was less than 18 years of age but over the age of 15, reported that she had been sexually assaulted by a male subject, later identified as Lance Parsons (Parsons).

A.  **Arrest of Parsons:**  On March 16, 2020, Det. Puterbaugh learned Parsons was home from being on the road as a truck driver. Puterbaugh also learned Parsons had a civil arrest warrant for failure to appear on a child support case. Det. Puterbaugh and other officers went to Parsons' home to arrest Lance Parsons.

B.  Parsons was present.  Parsons was placed under arrest and his cell phone was seized.

C.  On March 16, 2020, Det. Puterbaugh applied for and was granted a search warrant in the Randolph County (Indiana) Superior Court for the cell phone of Lance Parsons for content of messages and photos between Parsons and Minor Victim 1. The cell phone was a gray Samsung cellular phone with a black Incipio case.

D.  **Initial Search of Cell Phone:**  While reviewing Parsons' cell phone, Det. Puterbaugh observed a message between Lance Parsons and

another subject that was sexual in nature. Det. Puterbaugh observed that

Parsons sent a picture of a child to another Kik user and then sent, "Would

you want to watch me lick her."  The child in the photo was a child who

Puterbaugh believed to a 2-year-old female relative of Parsons, identified

herein as Minor Victim 2.  Det. Puterbaugh also observed a Kik message from

Parsons: "I really want to lick ur pussy rn and have [Minor Victim 2] there so

I can lick her as you watch".  The other Kik user asked Parsons' Minor Victim

2's age, Parsons replied that she was two and that she was the one in the

photo he had sent.  The other Kik user then sent "do you touch her" and

Parsons replied "yes" "I have".   Det. Puterbaugh observed a photo that

depicted two minor children in a state of nudity.  Det. Puterbaugh then

stopped looking at the cell phone of Lance Parsons at that time so that he

could apply for a second search warrant.

     E.    **Second Cell Phone Search:** Det. Puterbaugh applied for and

was granted a second search warrant in Randolph County Superior Court for

the cell phone belonging to Lance Parsons.  This warrant permitted police to

look for evidence of child exploitation, child pornography, contents and

photos, including messages between Parsons and other persons containing

evidence of child exploitation.  While examining Parsons' cell phone, Det.

Puterbaugh observed that there were multiple conversations between Lance

Parsons and other subjects. There were also photos that showed minor

13

children in a state of nudity and several videos of minor children engaged in sexual activity with adults and other minor children.

24.    **Receipt of Visual Depictions of Minors Engaged in Sexually Explicit Conduct by Parsons through Kik Messenger and Mega:** A further examination of Parsons' cell phone showed he downloaded the applications Kik and Mega (Cloud storage and chat application) to the phone. Police found videos on Parsons' Samsung cell phone that contained file paths. The file paths for these videos showed that the videos were received by Parsons through the Kik and Mega Application, using the internet. These visual depictions received through Kik and Mega included visual depictions of minors engaged in sexually explicit conduct. The following files, among others, were found on Parsons' cell phone (actual filenames redacted and replaced with "FILENAME" and a number):

    A.    **FILENAME1.avi** (/storage/emulated/0/MEGA/MEGA Downloads/filename1.avi)—This video depicts an adult male penetrating the mouth of a prepubescent female minor.

    B.    **FILENAME2.wmv** (/storage/emulated/0/MEGA/MEGA Downloads/filename2.wmv)—This video is described as an adult male masturbating and ejaculating on a prepubescent female. The minor female's genitals and anus are exposed in the visual depiction.

    C.    **FILENAME3.wmv** (/storage/emulated/0/MEGA/MEGA Downloads/filename3.wmv)—This video depicts a male using his fingers to penetrate the genitals of a prepubescent minor female.

14

D.    **FILENAME4.mp4**

(/storage/emulated/0/Kik/filename4.mp4)—This video is described as two minor females engaged in sexually explicit conduct.

E.    **FILENAME5.avi** (/storage/emulated/0/MEGA/MEGA Downloads/filename5.avi)—This video shows two prepubescent children engaged in sexually explicit conduct.  The exposed genitals of both minor children are displayed in the video.

25.    **Distribution of Sexually Explicit Visual Depictions of Minors Using Kik Messenger:**  TFO Smith obtained a search warrant for the contents of Parsons' Kik Account on April 28, 2020. The evidence received from Kik (MediaLab.ai) revealed that Parsons' account, brodxxx, (redacted) contained multiple images and videos of child pornography.  Evidence in this account showed that Parsons used this account to distribute visual depictions of minors engaged in sexually explicit conduct to other Kik users.

26.    **Relevant Conduct – Minor Victim 2**:  On March 19, 2020, United States Secret Service (USSS) Task Force Officer Laura Smith (TFO Smith) took custody of Parsons' cell phone and requested a forensic examination by USSS Special Agent Christian Ebel-Orr.  Agent Ebel-Orr examined the phone. TFO Smith reviewed the contents of Parsons' cell phone and observed two thumbnail images of interest:

A.    **File A (1763508120_embedded_225.jpg)** depicts an adult male on a brown couch with his penis exposed while Minor Victim 2 stands next him on the couch.  This image has the following filepath:

15

Samsung CDMA_SM-J727V Galaxy J7

(2017).zip/sdcard/DCIM/.thumbnails/.thumbdata4-

1763508120/.thumbdata4-1763508120_embedded_225.jpg

      B.     **File B (1967290299_embedded_856.jpg)** depicts an adult

male lying on his side of a couch or bed with his penis exposed through

the fly of his underwear. Minor Victim 2 is next to him with her hand on

his penis. This image has the following filepath: Samsung CDMA_SM-

J727V Galaxy J7 (2017).zip/sdcard/DCIM/.thumbnails/.thumbdata4--

1967290299/.thumbdata4--1967290299_embedded_856.jpg.

    **31.**     After finding these two thumbnails, TFO Smith located two other

thumbnail images which are close-up depictions of the genitals of a

prepubescent minor female (Filename: **.thumbdata4--

1967290299_embedded_1215)** and (Filename: **.thumbdata4--

1967290299_embedded_1216).** The visible bottom portion of the child's shirt

is a very specific blue, pink, and green striped shirt. The child in these images

is Minor Victim 2.

    **32.**     **Minor Victim 1**: With respect to Minor Victim 1, Parsons

acknowledges he did touch the genitals of Minor Victim 1 when Minor Victim 1

was unaware the conduct was occurring. Such conduct would constitute the

offense of Sexual Battery in the State of Indiana, which is an offense involving

abusive sexual conduct.

33.     Parsons' offenses involved more than 600 visual depictions of minors engaged in sexually explicit conduct.  The charged conduct occurred between the dates of July 1, 2019 and March 16, 2020.

34.     Parsons used the Internet, a means or facility of interstate or foreign commerce, to distribute, receive, and possess these visual depictions. Parsons used a cell phone not manufactured in Indiana to create and store the sexually explicit visual depictions of Minor Victim 2.  The distribution and receipt of the visual depictions of minors engaged in sexually explicit conduct using Kik Messenger was in or affecting interstate and foreign commerce. Parsons' conduct occurred within the Southern District of Indiana and elsewhere.

### Part 6:  Other Conditions

35.     **Background Information:**  The Defendant acknowledges and understands that no limitation shall be placed upon the Court's consideration of information concerning the background, character, and conduct of the Defendant for the purpose of imposing an appropriate sentence.  The Defendant acknowledges and understands that the Government is not prohibited from providing information concerning background, character, and conduct of the Defendant for the purpose of recommending or advocating an appropriate guideline calculation and sentence.

36.     **Good Behavior Requirement:**  The Defendant agrees to fully comply with all conditions of release imposed by the Court during all stages of this case.  If the Defendant fails to fully comply with such conditions, then the

Government may withdraw from this Agreement.  The clause precludes the Defendant from having any contact with individuals who he knows to trade in child pornography or to produce child pornography or to engage in sexually explicit conduct with minors.

37.     **Compliance with Federal and State Laws:**  The Defendant understands that the obligations of the Government in this Plea Agreement are expressly contingent upon the Defendant abiding by federal and state laws.

38.     **Potential Civil Commitment:**  The Defendant has been advised, and understands, that pursuant to 18 U.S.C. § 4248, he faces potential civil commitment as a sexually dangerous person following the expiration of her term of imprisonment.  He understands that any potential civil commitment would be the subject of a separate civil proceeding.  He further understands that no one, including his attorney or the Court, can predict with certainty the effect of his conviction on such a civil commitment determination or the likelihood that civil commitment would be imposed.  He understands that civil commitment can be imposed for an indefinite period of time.  He nevertheless affirms that he wants to plead guilty regardless of any potential civil commitment consequences that his plea may entail.

39.     **Sex Offender Registration:**  The Defendant shall register as a sex offender with the appropriate authorities of any state in which he resides, is employed, or attends school as required by both federal and state law, pursuant to 18 U.S.C. § 3583(d) and the Sex Offender Registration and Notification Act (SORNA) at 42 U.S.C. § 16913, et seq.

18

40.     **Contact Restrictions:**  The defendant will have no direct or indirect contact with Minor Victim 1 and Minor Victim 2 throughout his entire sentence. When Minor Victim 2 turns 18, Minor Victim 2 may petition this Court to have contact with Parsons.

## Part 7:  Sentencing Guideline Stipulations

41.     **Guideline Computations:**  The parties have not reached a stipulation regarding the Sentencing Guidelines; however, the parties agree the 2021 version should be used when calculating the Sentencing Guideline Computation.

A.     **Acceptance of Responsibility:**  To date, the Defendant has demonstrated a recognition and affirmative acceptance of personal responsibility for the Defendant's criminal conduct.  Based upon the Defendant's willingness to accept a Plea Agreement and enter a plea of guilty to the criminal conduct noted in this agreement [and the Defendant's agreement to cooperate in and not to contest the forfeiture of the property described above], the Government agrees that the Defendant should receive a **two (2) level reduction** *provided* the Defendant satisfies the criteria set forth in Guideline § 3E1.1(a) up to and including the time of sentencing.

B.     **Timely Notice**:  The Defendant timely notified the Government of Defendant's intention to enter a plea of guilty, thereby permitting the Government and the Court to allocate their resources efficiently.  After the Defendant enters a plea of guilty, the Government intends to file a motion

pursuant to U.S.S.G. § 3E1.1(b) requesting that the Court decrease the offense level by **one (1)** additional level.  The parties reserve the right to present evidence and arguments concerning the Defendant's acceptance of responsibility at the time of sentencing.

### Part 8:  Waiver of Right to Appeal

42.   **Direct Appeal:**  The defendant understands that the defendant has a statutory right to appeal the conviction and sentence imposed and the manner in which the sentence was determined.  Acknowledging this right, and in exchange for the concessions made by the Government in this Plea Agreement, the defendant expressly waives the defendant's right to appeal the conviction and sentence imposed in this case on any ground, including the right to appeal conferred by 18 U.S.C. § 3742.  The defendant further expressly waives any and all challenges to the statute to which the defendant is pleading guilty on constitutional grounds, as well as any challenge that the defendant's admitted conduct does not fall within the scope of the applicable statute. This waiver of appeal specifically includes all provisions of the guilty plea and sentence imposed, including the length and conditions of supervised release and the amount of any fine.

43.   **Later Legal Challenges:**  Additionally, the Defendant expressly agrees not to contest, or seek to modify, the Defendant's conviction or sentence or the manner in which either was determined in any later legal proceeding, including but not limited to, an action brought under 18 U.S.C. § 3582 or 28 U.S.C. § 2255, except as follows:

A.      **Ineffective Assistance of Counsel:** As concerns the Section 2255 waiver, the waiver does not prevent claims, either on direct or collateral review, that the Defendant received ineffective assistance of counsel.

B.      **Retroactive Sentencing Guidelines Reductions:** As concerns this Section 3582 waiver, should the United States Sentencing Commission and/or Congress in the future amend the Sentencing Guidelines to lower the guideline range that pertains to the Defendant's offense(s) and explicitly make such an amendment retroactive, the Government agrees that it will not argue that this waiver bars the Defendant from filing a motion with the district court pursuant to 18 U.S.C. § 3582(c)(2) based on that retroactive Guidelines amendment.  However, if the Defendant files such a motion, the Government may oppose the motion on any other grounds. Furthermore, should the Defendant seek to appeal an adverse ruling of the district court on such a motion, this waiver bars such an appeal.

C.      **Motions for Compassionate Release:** As concerns the Section 3582 waiver, the Defendant reserves the right to file motions seeking a "compassionate release" sentence reduction pursuant to the First Step Act of 2018 and 18 U.S.C. § 3582(c)(1)(A)(i).  Any such motion must be based on one or more "extraordinary and compelling reasons" set forth in U.S.S.G. § 1B1.13 and the governing interpretations of that provision and its application notes (or, in the event of amendment of that U.S.S.G. provision or the relevant application notes, the provision(s), if any, with the same effect at the

21

time of the filing of the motion for sentence reduction).  The Defendant

further agrees that under application note 1(D), as it appears in the 2018

Guidelines Manual, the Defendant may assert only those reasons set forth in

the relevant Bureau of Prisons program statement in effect at the time of the

Defendant's motion (currently Program Statement 5050.50).  The government

further reserves the right to oppose any motion for compassionate release on

any other grounds.

**44.    No Appeal of Supervised Release Term and Conditions:**  The

Defendant waives the right to appeal the length and conditions of the period of

supervised release

## Part 9:  Presentence Investigation Report

**45.**    The Defendant requests and consents to the commencement of a

presentence investigation by probation officers of the United States District Court

for purposes of preparing a Presentence Investigation Report at this time and prior

to the entry of a formal plea of guilty.

**46.**    The Defendant further requests and consents to the review of the

Defendant's Presentence Investigation Report by a Judge, Defendant's counsel, the

Defendant, and the Government at any time, including prior to entry of a formal

plea of guilty.

## Part 10:  Immigration Consequences

**47.**    The Defendant recognizes that pleading guilty may have consequences

with respect to the Defendant's immigration status if the Defendant is not a citizen

of the United States.  Under federal law, a broad range of crimes are removable

offenses, including the offenses to which the Defendant is pleading guilty. The Defendant also recognizes that removal will not occur until service of any sentence imposed in this case has been completed. Removal and other immigration consequences are the subject of a separate proceeding, however, and the Defendant understands that no one, including the Defendant's attorney or the Court, can predict to a certainty the effect of the conviction in this case on the Defendant's immigration status. The Defendant nevertheless affirms that the Defendant wants to plead guilty regardless of any immigration consequences that this plea may entail, even if the consequence is the Defendant's removal from the United States.

### Part 11: Statement of the Defendant

**48.**    By signing this document, the Defendant acknowledges the following:

A.    I have received a copy of the Indictment and have read and discussed it with my attorney. I believe and feel that I understand every accusation made against me in this case. I wish the Court to omit and consider as waived by me all readings of the Indictment in open Court, and all further proceedings including my arraignment.

B.    I have told my attorney the facts and surrounding circumstances as known to me concerning the matters mentioned in the Indictment, and believe and feel that my attorney is fully informed as to all such matters. My attorney has since informed, counseled, and advised me as to the nature and cause of every accusation against me and as to any possible defenses I might have in this case.

C.     I have read the entire Plea Agreement and discussed it with my attorney.

D.     I understand all the terms of the Plea Agreement and those terms correctly reflect the results of plea negotiations.

E.     Except for the provisions of the Plea Agreement, no officer or agent of any branch of Government (federal, state or local), nor any other person, has made any promise or suggestion of any kind to me, or within my knowledge to anyone else, that I would receive a lighter sentence, or probation, or any other form of leniency, if I would plead "Guilty." I respectfully request that the Court consider in mitigation of punishment at the time of sentencing the fact that by voluntarily pleading "Guilty" I have saved the Government and the Court the expense and inconvenience of a trial. I understand that before it imposes sentence, the Court will address me personally and ask me if I wish to make a statement on my behalf and to present any information in mitigation of punishment.

F.     I am fully satisfied with my attorney's representation during all phases of this case. My attorney has done all that anyone could do to counsel and assist me and that I fully understand the proceedings in this case against me.

G.     I make no claim of innocence, and I am freely and voluntarily pleading guilty in this case.

24

H.     I am pleading guilty as set forth in this Plea Agreement because I am guilty of the crime(s) to which I am entering my plea.

I.     I understand that if convicted, a Defendant who is not a United States Citizen may be removed from the United States, denied citizenship, and denied admission to the United States in the future.

J.     My attorney has informed me, and I understand, that I have the right to appeal any conviction and sentence that I receive, unless I have waived my right to appeal as part of this Plea Agreement.  If I have not waived my right to appeal, I understand that I must file a Notice of Appeal within fourteen (14) days of the entry of the judgment in this case; I further understand that the Clerk of the Court will prepare and file a Notice of Appeal on my behalf if I ask that to be done.  I also understand that the United States has the right to appeal any sentence that I receive under this Plea Agreement.

K.     My attorney has informed me, and I understand, that if I provide or cause to be provided materially false information to a judge, magistrate-judge, or probation office, then Section 3C1.1 of the Sentencing Guidelines allows the Court to impose a two-level increase in the offense level.

L.     If this cause is currently set for trial on the Court's calendar, I request that this date be continued to permit the Court to consider this proposed guilty Plea Agreement.  I further understand that any delay resulting from the Court's consideration of this proposed guilty Plea Agreement, up to and including the date on which the Court either accepts or rejects my guilty

25

plea, will be excluded in computing the time within which trial of this cause must commence, pursuant to 18 U.S.C. § 3161(h)(1)(G).

## Part 12:  Certificate of Counsel

**49.**    By signing this document, the Defendant's attorney and counselor certifies as follows:

A.    I have read and fully explained to the Defendant all the accusations against the Defendant which are set forth in the Indictment in this case;

B.    To the best of my knowledge and belief each statement set forth in the foregoing petition to enter plea of guilty and Plea Agreement is in all respects accurate and true;

C.    The plea of "Guilty" as offered by the Defendant in the foregoing petition to enter plea of guilty and Plea Agreement accords with my understanding of the facts as related to me by the Defendant and is consistent with my advice to the Defendant;

D.    In my opinion, the Defendant's waiver of all reading of the Indictment in open Court, and in all further proceedings, including arraignment as provided in Rule 10, Fed. R. Crim. P., is voluntarily and understandingly made; and I recommend to the Court that the waiver be accepted by the Court;

E.    In my opinion, the plea of "Guilty" as offered by the Defendant in the foregoing petition to enter plea of guilty and Plea Agreement is

voluntarily and understandingly made and I recommend to the Court that the plea of "Guilty" be now accepted and entered on behalf of the Defendant as requested in the foregoing petition to enter a plea of guilty and Plea Agreement.

## Part 13:  Final Provision

**50.     Complete Agreement:**  The Defendant acknowledges that no threats, promises, or representations have been made, nor agreements reached, other than those set forth in this document, to induce the Defendant to plead guilty.  This document is the complete and only Plea Agreement between the Defendant and the United States Attorney for the Southern District of Indiana and is binding only on the parties to the Plea Agreement, supersedes all prior understandings, if any, whether written or oral, and cannot be modified except in writing, signed by all parties and filed with the Court, or on the record in open court.

Respectfully submitted,

ZACHARY A. MYERS
United States Attorney

_____

DATE

Kristina M. Korobov
Assistant United States Attorney

6.29.22
_____
DATE

*Kyle Sawa*

Kyle M. Sawa
Chief, General Crimes Unit

6 - 24 - 22
_____
DATE

Lance Parsons
Defendant

06 - 28 - 22
_____
DATE

Theodore Minch
Counsel for Defendant

28

## Addendum A

**Standard Conditions:**
1.      You shall report to the probation office in the judicial district to which you are released within 72 hours of release from the custody of the Bureau of Prisons.  (supervised release cases only)

2.      You shall report to the probation officer in a manner and frequency directed by the court or probation officer.

3.      You shall permit a probation officer to visit you at a reasonable time at home, or another place where the officer may legitimately enter by right or consent and shall permit confiscation of any contraband observed in plain view of the probation officer.

4.      You shall not knowingly leave the judicial district without the permission of the court or probation officer.

5.      You shall answer truthfully the inquiries by the probation officer, subject to your 5th Amendment privilege.

6.      You shall not meet, communicate, or otherwise interact with a person you know to be engaged, or planning to be engaged, in criminal activity.  You shall report any contact with persons you know to be convicted felons to your probation officer within 72 hours of the contact.

7.      You shall reside at a location approved by the probation officer and shall notify the probation officer at least 72 hours prior to any planned change in place or circumstances of residence or employment (including, but not limited to, changes in who lives there, job positions, job responsibilities).  When prior notification is not possible, you shall notify the probation officer within 72 hours of the change.

8.      You shall not own, possess, or have access to a firearm, ammunition, destructive device or dangerous weapon.

9.      You shall notify the probation officer within 72 hours of being arrested, charged, or questioned by a law enforcement officer.

10.     You shall maintain lawful full-time employment, unless excused by the probation officer for schooling, vocational training, or other reasons that prevent lawful employment.

11.     You shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court.

12.     As directed by the probation officer, you shall notify third parties who may be impacted by the nature of the conduct underlying your current or prior offense(s) of conviction and/or shall permit the probation officer to make such notifications and/or confirm your compliance with this requirement.

29

13.     You shall make a good faith effort to follow instructions of the probation officer necessary to ensure compliance with the conditions of supervision.

**Special Conditions:**

You shall pay the costs associated with the following imposed conditions of supervised release, to the extent you are financially able to pay.  The probation officer shall determine your ability to pay and any schedule of payment.

**1.      Financial Requirements and Restrictions**

You shall provide the probation officer access to any requested financial information and shall authorize the release of that information to the U.S. Attorney's Office for use in connection with the collection of any outstanding fines and/or restitution.

You shall not incur new credit charges, or open additional lines of credit without the approval of the probation officer.

**2.      Employment Restrictions**

You shall not engage in an occupation, business, profession or volunteer activity that would require or enable you to access the internet or have access to an internet enabled device during the term of supervision without prior approval of the probation officer. All employment shall be approved in advance by the probation officer.

**3.      Association and Contact Restrictions**

You shall not have <u>unsupervised</u> meetings, activities, or visits, or intentional communications with any minor unless they have been disclosed to the probation officer and approved by the court.

You shall not have <u>supervised</u> meetings, activities, visits, or intentional communications with any minor unless they have been approved by the probation officer.

Before you may request approval for such meetings, activities, visits, or intentional communications (unsupervised or supervised), you must notify the person(s) having custody of any such minor(s) about the conviction in this case and the fact that you are under supervision.

You may not live with a minor child.

You shall not be employed in any position or participate as a volunteer in any activity that involves unsupervised meetings, intentional communications, activities, or visits with minors except as disclosed to the probation officer and approved by the court.

You shall not participate in unsupervised meetings, intentional communications, activities, or visits with persons you know to be a registered sex offender or to have been convicted of a felony sex offense involving an adult or minor, including any child pornography offense, except as disclosed to the probation officer and approved by the court.  This condition is not intended to prevent you from participating in treatment programs or religious services with felons in such programs/services so long as the activity has been disclosed as described above.

You shall not engage in any meetings, communications, activities, or visits with any of the victim(s) involved in this case, as is specified in the Plea Agreement (¶ 40).

**4.      Place Restrictions**

You shall not enter or remain at a place for the primary purpose of observing or contacting children under the age of 18.

**5.     Search and Seizure**

You shall submit to the search by the probation officer of your person, vehicle, office/business, residence, and property, including any computer systems and hardware or software systems, electronic devices, telephones, and Internet-enabled devices, including the data contained in any such items, whenever the probation officer has a reasonable suspicion that a violation of a condition of supervision or other unlawful conduct may have occurred or be underway involving you and that the area(s) to be searched may contain evidence of such violation or conduct. Other law enforcement may assist as necessary. You shall submit to the seizure of contraband found by the probation officer. You shall warn other occupants these locations may be subject to searches.

**6.     Restrictions on Viewing Sexually Explicit Materials**

You shall not possess any child pornography or visual depictions of child erotica or nude minors. Any such material found in your possession shall be considered contraband and will be confiscated by the probation officer.

**7.     Sex Offense-Specific Assessment, Treatment, and Physiological Testing**

You shall participate in a program of treatment for sexual disorders, including periodic polygraph examinations, as directed by the probation officer. The treatment provider should determine the type and timing of such polygraph examinations. The court authorizes the release of the presentence report and available psychological evaluations to the treatment provider, as approved by the probation officer.

**8.     Computer and Internet Restrictions**

You shall consent, at the direction of the probation officer, to having installed on your computer(s), telephone(s), electronic devices, and any hardware or software, systems to monitor your use of these items. Monitoring will occur on a random and/or regular basis. You will warn other occupants or users of the existence of the monitoring hardware or software. To promote the effectiveness of this monitoring, you shall disclose in advance all cellular phones, electronic devices, computers, and any hardware or software to the probation officer and may not access or use any undisclosed equipment.